IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALTON SMITH | * | |
| Plaintiff, | * | |
| Vs. | * | CIVIL ACTION NO. RDB-17-3051 |
| STATE OF MARYLAND, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The parties in this case have asked the Court to resolve a dispute with respect to the scope of the Court's prior Memorandum and Order [ECF No. 29] granting partial summary judgment for Defendants.[1] The Court finds that its previous decision is clear but is willing to clarify its scope as requested by the parties. However, nothing in this Memorandum and Order is intended to modify or alter the substance of the Court's prior decision.[2]

I. BACKGROUND[3]

Alton Smith was an associate professor at Baltimore City Community College ("BCCC") who was terminated from his teaching position in 2016. He brought an action against BCCC, the State of Maryland, and three Individual Defendants: Tonja L. Ringgold

---

[1] Judge Marvin J. Garbis authored the Memorandum and Order. As a result of Judge Garbis's retirement, this case was reassigned to the undersigned on July 17, 2018.

[2] Accordingly, this Memorandum and Order is not an advisory opinion, but a requested clarification of the scope of a previous decision.

[3] This Court's prior Memorandum and Order [ECF No. 29] contains a more detailed background of the facts in this case.

("Ringgold"), Enyinnaya Iweha ("Iweha"), and Cynthia Webb ("Webb"), alleging that the termination was a breach of his teaching contract and in violation of his federal and state due process rights, and that the Individual Defendants conspired and interfered with his economic relationship with BCCC.

Defendants argued that Smith's termination was legitimate because he failed to meet the standards necessary to remain an associate professor, including carrying a semester teaching load of 15 Teaching Assignment Units ("TAUs"). Due to changes in course offerings at BCCC, Plaintiff became ineligible to teach many of BCCC's courses, yet he refused to gain the education or certifications necessary to stay competitive as a professor. *See* Iweha Aff. ¶¶ 3-5, ECF No. 18-10. As a result, Plaintiff was only eligible to teach 6 TAUs for the 2016 Spring Semester instead of the 15 TAUs required by his contract. *Id.* ¶¶ 9-10. He received a "poor" performance rating for the 2015-2016 academic school year based on his low TAUs and Defendant Webb's evaluation of his work. *Id.* ¶ 12; *see also* Webb Aff. ¶ 25, ECF No. 18-12.

After a motions hearing on March 28, 2018, this Court issued a written decision granting summary judgment for Defendants on all claims except for Count VI, the federal due process claim (against the Individual Defendants), and Count VII, the state due process claim (against all Defendants). *See* Memorandum and Order at 32, ECF No. 29.

The parties are currently in discovery and have been referred to Magistrate Judge Mark Coulson for settlement discussions.

In its decision, this Court found that the various personnel decisions were authorized and made within the scope of each Individual Defendant's employment. *Id.* at 18-19; *see also*

*id.* at 23 (the Court was unpersuaded by Plaintiff's argument "that the acts of the Individual Defendants, including the decision to terminate Plaintiff's contract, were unauthorized.").

Moreover, this Court rejected arguments that Defendants had intentionally interfered with Smith's TAUs and performance evaluations to terminate his teaching contract. *Id.* at 20 ("The Court finds that Plaintiff's conclusory allegations that the Individual Defendants acted with ill motive, malice, or gross negligence in terminating his contract are not adequately supported."). In fact, this Court rejected allegations of intentional, willful, or malicious manipulation of Smith's TAUs made against each of the Individual Defendants. *Id.* at 20-22. Rather, this Court made the following finding:

> "[B]ased on the record, Plaintiff had low TAUs for Spring 2016 due to several reasons, including BCCC's decision to cancel some ETP courses and change other courses to electives in response to the a state legislative action (resulting in fewer courses that Plaintiff was qualified to teach), and the inability of Plaintiff and his supervisors to agree on other TAU-qualifying options."

*Id.* at 20-21.

Nevertheless, this Court permitted the federal and state due process claims to survive because there were disputes of material fact about whether Smith's termination was undertaken in accordance with the procedures specified in his contract and the faculty dispute resolution process. *Id.* at 26-28.

II. DISCUSSION

The parties dispute whether this Court's prior Memorandum and Order allows Defendants to use the legitimacy of Smith's termination as a defense in further proceedings (or whether it prevents Plaintiff from challenging the substantive legitimacy of his

3

termination for the remaining due process claims). In other words, the issue is whether a finding regarding some Counts–for which Defendants were awarded summary judgment–may be relied upon for the remaining Counts in this case.

The Court finds that its prior Memorandum and Order is clear. Summary judgment was granted for the tortious interference and conspiracy claims because was no genuine dispute of material fact that Defendants had not terminated Plaintiff for improper reasons (i.e., personal animus, ill motive, malice, or gross negligence). *See* Memorandum and Order at 20-21, 23, ECF No. 29. In fact, this Court made findings about the basis of Smith's low TAUs, *id.* at 20-21, and Defendants' authority to terminate Plaintiff, *id.* at 18-19, 23.

The remaining claims in this case relate to the allegedly improper *process* of Smith's termination, not to the substance of the termination. Therefore, any attempt by the parties to challenge or to re-litigate the substantive legitimacy of the termination in further proceedings would be inconsistent with this Court's prior findings.

III. CONCLUSION

For the reasons stated above and in the Memorandum and Order [ECF No. 29] dated April 4, 2018:

1. Parties may not re-litigate the substantive legitimacy of Plaintiff's termination in further proceedings before this Court.

2. Absent any modification requests by the parties, this Court's prior Scheduling Order [ECF No. 31] remains in effect.

SO ORDERED, this 25th day of July 2018.

*/s/ Richard D. Bennett*

United States District Judge
Hon. Richard D. Bennett

4