

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALTON W. SMITH,   *

       Plaintiff,   *

vs.   *   CIV. ACTION NO. RDB-17-3051.

STATE OF MARYLAND, et al.,   *

       Defendants.   *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Alton W. Smith ("Smith") brought this lawsuit against Baltimore City Community College ("BCCC"), the State of Maryland, and three Individual Defendants: Tonja L. Ringgold ("Ringgold"), Enyinnaya Iweha ("Iweha"), and Cynthia Webb ("Webb"), alleging that the termination from his position as an associate professor at BCCC was a breach of his teaching contract and in violation of his federal and state due process rights. (Compl., ECF No. 2.) Smith alleged seven causes of action against Defendants including breach of contract (Count I), interference with economic relationship (Counts II-V), and federal and state due process claims (Counts VI and VII). On April 4, 2018, this Court granted Summary Judgment[1] in favor of the Defendants on all Smith's claims except Count VI, his federal due process claim against the Individual Defendants, and Count VII, the state due process claim against all Defendants. (*See* Mem. Order 32, ECF No. 29.)

---

[1] Judge Marvin J. Garbis authored the decision on Summary Judgment. After he retired in June 2018, this case was reassigned to the undersigned on July 17, 2018.

Now pending before this Court is Defendants' Motion for Summary Judgment (ECF No. 51) on the remaining two claims, Plaintiff's Motion for Reconsideration (ECF No. 57) of the initial summary judgment decision on Counts I to V, and Plaintiff's Motion to File Corrected Exhibit (ECF No. 58). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, this Court shall GRANT Defendants' Motion for Summary Judgment (ECF No. 51) and Plaintiff's Motion to File Corrected Exhibit (ECF No. 58) and shall DENY Plaintiff's Motion for Reconsideration (ECF No. 57).

## BACKGROUND

In brief,[2] Smith was an associate professor at Baltimore City Community College ("BCCC") from 2005 until he was terminated from his teaching position in 2016. (*See* Compl. ¶ 1, ECF No. 2.) Smith filed his Complaint on August 23, 2017 in the Circuit Court for Baltimore City, and the case was removed to this Court on October 18, 2017. (ECF No. 1.) Smith alleged that the termination was not only a breach of his contract, but that his due process rights were violated, and that the Individual Defendants conspired and interfered with his economic relationship with BCCC. Defendants asserted that Smith's termination was legitimate because he failed to meet the standards necessary to remain an associate professor, including carrying a semester teaching load of 15 Teaching Assignment Units ("TAUs"). Defendants filed a Motion to Dismiss or, In the Alternative for Summary Judgment (ECF No. 18), to which Smith responded with a Cross Motion for Summary Judgment (ECF No. 21).

---

[2] For a more detailed background of the facts in this case, see this Court's prior Memorandum and Order (ECF No. 29).

This Court considered the documents and affidavits filed outside the pleadings and treated the motions as motions for summary judgment.

In its decision denying Smith's summary judgment motion and partially granting Defendants' summary judgment motion, this Court held that the various personnel decisions were authorized and made within the scope of each Individual Defendant's employment. (*See* Mem. Order at 18-19, 23, ECF No. 29.) This Court also rejected Smith's allegations made against each of the Individual Defendants of intentional, willful, and malicious manipulation of his TAUs. (*Id.* at 20-22.) The two remaining causes of action in this case relate to the allegedly improper process of Smith's termination. Thereafter, Defendants filed the pending motion seeking summary judgment on Counts VI and VII, and Smith filed a motion seeking reconsideration of this Court's decision on Counts I to V. (*See* ECF Nos. 51, 57.)

Smith also seeks to correct Exhibit 11 (ECF No. 55-11), which he had attached to his response to Defendants' motion and belatedly realized that it was incomplete. (*See* ECF No. 58.) There being no objection, this Court GRANTS Plaintiff's Motion to File Corrected Exhibit (ECF No. 58) and accepts the corrected exhibit (ECF No. 58-1) as filed.

For the reasons that follow, this Court shall DENY Plaintiff's Motion for Reconsideration (ECF No. 57) and GRANT Defendants' Motion for Summary Judgment (ECF No. 51).

## STANDARD OF REVIEW

### I. Reconsideration

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. Rule 54(b) provides that "any order or other decision,

however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Resolution of a motion to reconsider an interlocutory order is "committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).

The United States Court of Appeals for the Fourth Circuit cautions that the discretion afforded by Rule 54(b) "is not limitless" and it has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Virginia, LLC*, 899 F.3d 236, 256-57 (4th Cir. 2018) (quoting *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). The Fourth Circuit explained that the discretion to revisit earlier rulings in the same case is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id.* at 257 (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

"Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson*, 856 F.3d at 325 (citing *Am. Canoe*, 326 F.3d at 514-15; *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)). "[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Id.* (quoting *Am. Canoe*, 326 F.3d at 515). "This

4

standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id.* (citations omitted).

The Fourth Circuit also noted that "where, as here, 'the order was entered by one judge and then reviewed by another,' courts have held that the latter judge should be hesitant to overrule the earlier determination." *Id.* (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1460 n.24 (5th Cir. 1992)).

## II. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 572 U.S. 650, 656-59 (2014).

To survive summary judgment, a party responding to a motion for summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). It must submit evidence that is "significantly probative" to survive summary judgment. *Anderson*, 477 U.S. at 249-50.

## ANALYSIS

### I. Reconsideration

Smith seeks reconsideration of this Court's grant of summary judgment to Defendants on Counts I-V. (Mot. Reconsider 1-2, ECF No. 57; Mot. Reconsider Mem. 19-20, ECF No. 57-1.) Count I, Smith's breach of contract claim, was dismissed as untimely because Smith had received sufficient notice of his termination. (ECF No. 29 at 12-17.) In Counts II-IV, Smith asserted claims of Interference of Economic Relations against each of the Individual Defendants and, in Count V, asserted a claim of Conspiracy to Interfere with Economic

Relations against all Defendants. The Individual Defendants asserted that they were entitled to immunity under the Maryland Tort Claims Act ("MTCA"). Under the MTCA, state employees are immune from liability in tort for a tortious act or omission that is within the scope of public duties of the state personnel… and is made without malice or gross negligence. Md. Code Ann., State Gov't. §12-105 and Cts. & Jud. Proc. §5-522(b). In its prior decision, this Court concluded that "the Individual Defendants were high level administrative officials at BCCC and were acting as agents of BCCC and the President." (ECF No. 29 at 19.) It further determined that the record did not support "a finding that they lacked authority to take the actions that they did." (*Id.*) Therefore, this Court dismissed Counts II to V.

Smith asserts that discovery has revealed new evidence that demonstrates a genuine dispute of material fact related to whether the Individual Defendants had authority to take the actions that they did. (Mot. Reconsider Mem. 3-5, ECF No. 57-1.) Specifically, Smith argues that the record shows that the Individual Defendants did not have authority to terminate his employment. (*Id.* at 7.) Smith also argues that new evidence shows a genuine dispute regarding whether the Individual Defendants acted with malice or gross negligence. (*Id.* at 8.) Smith contends that if this Court finds that there is evidence that Defendants lacked authority to terminate his contract, then Counts II to V must be reinstated, and further, the one-year period would not have begun to run, so Count I should also be reinstated as timely. (*Id.* at 19-20.)

Defendants respond that Smith's motion is untimely and that no new evidence or argument has been raised that was not already considered by this Court in its earlier grant of summary judgment on Counts I to V. (Defs.' Resp. Reconsider 2-3, ECF No. 59.) Defendants refer to this Court's local rules, which provide: "Except as otherwise provided in Fed. R. Civ.

P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." Local Rule 105.10 (D. Md. 2018). This Court issued the order granting summary judgment on April 4, 2018 and Smith did not file his Motion for Reconsideration until March 3, 2019. Of course, this Court may suspend Local Rule 105.10 upon the showing of good cause or on its own motion. *See* Local Rule 604 (D. Md. 2018). Also, Federal Rule of Civil Procedure 54(b) itself plainly confers the ability to reconsider an interlocutory order at any time before entry of final judgment. Although Smith's motion was not filed within 14 days, this Court shall consider whether it has any merit.

Smith's arguments have not changed, and the additional information provided in exhibits does not warrant reconsideration. This Court already rejected Smith's argument that the Individual Defendants were not acting as agents of BCCC and did not have the authority to terminate him. Although there are proffered exhibits, none compel a different conclusion. For example—Defendants' answer to interrogatories indicating that the authority to terminate was verbal (Ex. 1, ECF No. 57-3); the deposition testimony of BCCC's Employee Labor Relations Administrator stating that although she understood that the president had delegated authority to terminate faculty members to vice presidents, she did not know when the delegation was made (Ex. 8, ECF No. 57-10) ; and deposition testimony of a fellow professor testifying that his understanding of termination is that "the President is the only one that can sanction anyone being terminated" (Ex. 5, ECF No. 57-7)—these do not justify overruling the earlier determination that the Individual Defendants acted as agents of the President, especially

8

in light of the facts that the President was copied on Smith's termination letter, and the termination is not disputed by BCCC.

Similarly, the April 1, 2014 BCCC EEO Investigative Report (Ex. 15, ECF No. 57-17) finding no evidence to substantiate allegations of discrimination does not compel a different conclusion regarding whether the Individual Defendants acted with malice or gross negligence. Smith is simply asking this Court to change its mind, but there is no substantially different evidence, and there has been no change in the applicable law. This Court also notes that it previously issued a clarification of its original decision stating that the parties may not relitigate the substantive legitimacy of Plaintiff's termination in further proceedings before this Court. (*See* Mem. Order, ECF No. 37.) Whether this attempt is a second or third bite of the apple, it is not warranted. This Court shall not reverse its earlier decision as to Counts I-V.

Accordingly, this Court shall DENY Plaintiff's Motion for Reconsideration (ECF No. 57).

## II. Federal and State Procedural Due Process Claims

### A. Federal Procedural Due Process Claim (Count VI)

To claim entitlement to the protections of the due process clause, Smith must first show that he had a constitutionally protected "property" interest and that he had been "deprived" of that protected interest by some form of "state action." *See McMillan v. Cumberland Cty. Bd. of Educ.*, 734 F. App'x. 836, 841 (4th Cir. 2018) (quoting *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988)).

When a party alleges procedural due process violations based on a state agency's policies or regulations, the court must consider whether "minimal due process requirements

of notice and hearing have been met." *Goodrich v. Newport News Sch. Bd.*, 743 F.2d 225, 227 (4th Cir. 1984). In the context of a termination of a public school teacher, the Fourth Circuit explained that "[m]inimal procedural due process required . . . adequate notice, a specification of the charges against her, an opportunity to confront the witnesses against her and an opportunity to be heard in her own defense." *Id.*

When the minimal due process requirements of notice and hearing have been met, "a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations." *Id.* Thus, the Fourth Circuit rejected the *Goodrich* plaintiff's argument that she was given only two interim conferences rather than the three required by the School Board's evaluation procedure. *See also Echtenkamp v. Loudon Cty. Pub. Sch.*, 263 F. Supp. 2d 1043, 1055 (E.D. Va. 2003) ("a violation of grievance procedures guaranteed under state law does not, by itself, constitute a failure to provide adequate due process under the standards of the federal Constitution"); *Moore v. Bonner*, 758 F.2d 648 (4th Cir. 1985) (unpublished disposition) ("the failure of the School District to afford Moore a conference prior to not renewing her contract amounts to no more than a violation of the District's own policies and does not implicate the protections of the due process clause.").

Defendants contend that Smith did not have a property interest in continued employment because his position was eliminated as part of a reorganization. (Mot. Mem. 2, 16-17, ECF No. 51-1 (citing *Digiacinto v. Harford Cty., Md.*, 818 F. Supp. 903, 905 (D. Md. 1993).) "[A]n employee who loses his or her job . . . is not entitled to a hearing, despite the presence of a 'no dismissal except for cause' rule, when the position is abolished pursuant to a *bona fide* government reorganization or kindred cost-cutting measure." *Digiacinto*, 818 F.

Supp. at 905 (citations omitted). However, an exception applies if the plaintiff can establish that "the reorganization was not carried out in good faith." *Id.*

The record before this Court shows that Smith was hired in September 2005 as a professor of electronic technologies. (Smith Dep. 15, ECF No. 51-2.) In 2011, BCCC eliminated the telecommunications program in which Smith taught because of low enrollment and poor job prospects for graduates. (Webb Aff. ¶¶ 6, 10, ECF No. 51-6.) Smith was notified in 2009 that BCCC was considering eliminating the program, and he was encouraged to pursue obtaining graduate credit hours that would qualify him to teach in programs not identified for elimination. (*Id.* at ¶¶ 6-7, 10.) Some of the courses remained active to allow students to complete their degree in the program, but by the end of the 2015, all remaining telecommunications courses were eliminated. (*Id.* at ¶ 16.) Smith was not qualified to teach other courses, he fell short on his TAU's, and he was advised in March 2016 that his contract would not be renewed for the fall 2016 semester. (*See, e.g.*, Faculty Evals., ECF Nos. 5, 10, 34 (two of which were signed by Smith although he noted his disagreement); Smith Dep. 89-90, ECF No. 51-2.)

Smith contends that he was dismissed for "individualized reasons" and is, therefore, entitled to full due process. (Pl.'s Resp. 19, ECF No. 54 (citing *Christian v. Cecil Cty., Md.*, 817 F. Supp. 1279, 1284 (D. Md. 1993)).) Smith notes that he was retained to teach after the elimination of the program and that he was allowed to teach business courses through Spring 2016. (*Id.*) While the record shows that he did not have the qualifications to teach in the Business Program, he argues that he was terminated for poor evaluation ratings. (*Id.* at 20.)

11

Considering the facts and all reasonable inferences in the light most favorable to Smith, this Court concludes that Smith has raised a question of fact regarding whether his termination was strictly due to a good faith reorganization or whether he was terminated for poor performance. As such, he was entitled to minimum procedural due process. However, even if Smith is entitled to due process, Defendants provided him with multiple written and verbal notices of the non-renewal of his faculty contract, and resulting termination from employment, and multiple opportunities to challenge the non-renewal. "Procedural due process is simply a guarantee of fair procedures—typically notice and an opportunity to be heard." *Mora v. The City of Gaithersburg, MD*, 519 F.3d 216, 230 (4th Cir. 2008). Prior to termination, sufficient due process includes notice and an opportunity to respond in person or in writing. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)

Smith asserts that he was not afforded the procedures required by his contract and BCCC policy. However, regardless whether all of BCCC's internal procedures were followed, Smith was provided with fair notice and an opportunity to be heard, as evidenced by the following:

- Defendants provided Smith with ample notice (initially in 2009, and again in 2011) that the telecommunications program was being terminated and that he needed to take steps to qualify to teach in a different program. (Webb Aff. ¶¶ 6-1, 10, ECF No. 51-6.)

- Smith was advised that his course load (TAU requirement) was insufficient and that he did not have the qualifications to teach in another program. (Smith Dep. 43, 55-57, ECF No. 51-2.)

- Smith was advised in March 2016 that his contract for the Fall 2016 would not be renewed. Smith was notified verbally, the written evaluation specifically stated that he would not be renewed, and Smith signed the evaluation, confirming that he had notice. He received two additional copies of the

evaluation later in March and in early April. (Faculty Evals., ECF Nos. 5, 10, 34.)

- Smith further acknowledged receipt of the evaluations and his non-renewal by his letter dated April 20, 2016. (Smith Ltr., ECF No. 51-15.)

- Smith provided a written rebuttal to his March 10, 2016 evaluation, and Smith testified that the letter contained all his objections to the evaluation. (Smith Ltr., ECF No. 51-8; Smith Dep. 104-105, 107-108, ECF No. 51-2.) Smith received a written response, addressing the objections. (Ltr. Resp., ECF No. 51-9.)

- Email communications and Smith's testimony revealed that Smith had the opportunity to meet with the deans, but he chose not to even though he had been informed that his contract would not be renewed. Further, a meeting was scheduled on May 19, 2016, but Smith objected to the meeting as having no point since he was not being renewed. (*See, e.g.*, Smith Dep. 130-131, 144, 150-155, 166-167.)

- A post-termination grievance hearing was also provided on November 18, 2016. (Ringgold Dep. 166, ECF No. 51-24; Smith Dep. 186-187, ECF No. 51-2.) After reviewing the evidence, Dr. Ringgold issued her decision upholding Smith's non-renewal. (Ltr., ECF No. 51-23.)

In addition, Smith has had access to state court post-termination remedies, which further supports a finding that Smith has been afforded sufficient due process. *Fields v. Durham*, 909 F.2d 94, 97 (4th Cir. 1990) ("[T]o determine whether a procedural due process violation has occurred, courts must consult the entire panoply of predeprivation and postdeprivation process provided by the state."). Therefore, there are no material factual disputes about whether Smith had notice and an opportunity to be heard both before termination and post-termination, and Defendants shall be granted summary judgment on Count VI.

B.  **State Procedural Due Process Claim (Count VII)**

The analysis under the Due Process Clause of the Fourteenth Amendment and under Article 24 of the Maryland State Constitution are largely the same. *Pickett v. Sears, Roebuck & Co.*, 775 A.2d 1218, 1224 (Md. 2001) ("This Court has interpreted Article 24 of the Maryland Declaration of Rights and the Due Process clause of the Fourteenth Amendment of the United States Constitution to be *in pari materia*, such that the interpretations of the Due Process clause of the Fourteenth Amendment provided by the United States Supreme Court serve as persuasive authority for Article 24.").

Accordingly, Defendants shall also be granted summary judgment on Count VII.

## CONCLUSION

For the foregoing reasons:

1. Plaintiff's Motion to File Corrected Exhibit (ECF No. 58) is GRANTED.
2. Plaintiff's Motion for Reconsideration (ECF No. 57) is DENIED.
3. Defendants' Motion for Summary Judgment (ECF No. 51) is GRANTED.

A separate Order follows.

Dated: September 9, 2019.

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge