FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 JAN 10 AM 11: 59

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALTON W. SMITH, | * | |
| Plaintiff, | * | |
| vs. | * | CIV. ACTION NO. RDB-17-3051 |
| STATE OF MARYLAND, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On September 9, 2019, this Court entered its Memorandum Opinion (ECF No. 61) and Order (ECF No. 62) closing this case and awarding summary judgment to Defendants Baltimore City Community College ("BCCC"), the State of Maryland, and three individual Defendants: Tonja L. Ringgold, Enyinnaya Iweha, and Cynthia Webb, and against Plaintiff Alton W. Smith ("Plaintiff"). On October 7, 2019, Plaintiff timely filed[1] the pending Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 63). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Plaintiff's Motion to Alter or Amend Judgment (ECF No. 63) is DENIED.

## BACKGROUND

The background facts of this action were fully set forth in this Court's Memorandum and Order of April 4, 2018, and this Court's Memorandum Opinion of September 9, 2019.

---

[1] Rule 59(e) of the Federal Rules of Civil Procedure states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) was amended in 2009 to expand the time to file such a motion from 10 days to 28 days.

(ECF Nos. 29, 61). To summarize, Plaintiff was terminated from his employment as an associate professor at BCCC in 2016. (Compl. ¶ 1, ECF No. 2.) He brought this action against BCCC, the State of Maryland, and three individuals, generally alleging that the individual defendants acted with ill-will and personal animus to terminate his employment. (*Id.*) His Complaint brought a breach of contract claim (Count I), interference with economic relationship claims (Counts II-V), and federal and state due process claims (Counts VI and VII). (*Id.*)

On April 4, 2018, the Honorable Marvin J. Garbis granted summary judgment in favor of Defendants on all of Plaintiff's claims except his federal and state due process claims (Counts VI and VII). (ECF No. 29.) On July 17, 2018, this case was transferred to the undersigned.[2] Subsequently, on July 25, 2018, this Court issued a Memorandum and Order clarifying the scope of Judge Garbis's Opinion, at the request of counsel. (ECF No. 37.) This Court explained that Plaintiff could not challenge the "substantive legitimacy" of his termination, but could pursue claims that he had been denied due process under the terms of his contract and faculty handbook. (*Id.*)

On January 11, 2019, Defendants filed a motion for summary judgment on Plaintiff's remaining due process claims. (ECF No. 51.) On September 9, 2019, this Court awarded summary judgment to Defendants, and closed this case. (ECF Nos. 61, 62.) On October 7, 2019, Plaintiff filed the present Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 63), asking this Court to reconsider its

---

[2] This case was initially assigned to Judge Marvin J. Garbis, who has since retired.

September 9, 2019 Memorandum and Order (ECF Nos. 61, 62).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment[3] may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

## ANALYSIS

Plaintiff has not met the high bar he faces to succeed on his Motion to Alter or Amend. There has been no intervening change in controlling law since this Court's Memorandum

---

[3] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

3

Opinion and Order of September 9, 2019; no new evidence has come to light; and no clear error of law or manifest injustice has been identified in this Court's Order. To the extent that Plaintiff makes new arguments in his Motion to Alter or Amend, they are arguments that were available to him and should have been raised in his Opposition to Defendants' Motion for Summary Judgment. Further, the Plaintiff presents no reason why these new arguments were not made earlier, prior to this Court's entry of its Order. Thus, the Plaintiff has not met the grounds for reconsideration under Rule 59(e). Nevertheless, Plaintiff's main arguments are considered in the following discussion.

Here, Plaintiff does not argue that there has been an intervening change in controlling law or that there is new evidence not previously available, but essentially argues that there has been a clear error of law. First, Plaintiff argues that this Court failed to properly apply the principles of summary judgment review to the facts and evidence in the record. Second, Plaintiff argues that this Court's Opinion of September 9, 2019, is contrary to the "law of the case" established by Judge Garbis's previous Memorandum and Order of April 4, 2018. Neither of these arguments are availing under Rule 59.

As to Plaintiff's first argument, this Court has emphasized that "[c]lear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension …." *Wagner v. Warden*, Civ. No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (internal quotation marks omitted). "When a party argues that Rule 59(e) relief is necessary to correct a clear error of law or to prevent manifest injustice, mere disagreement with the Court's previous decision will not suffice." *June*

*v. Thomasson*, Civ. No. GLR-14-2450, 2016 WL 7374432, at *2 (D. Md. Dec. 20, 2016). Instead, to justify altering or amending a judgment on this basis, "the prior judgment cannot be 'just maybe or probably wrong; it must ... strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Id.* (quoting *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012)); *see also Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 65 F.3d 166 (4th Cir. 1995). In other words, the Court's previous judgment must be "dead wrong." *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Plaintiff's disagreement with this Court's finding no genuine issue of material fact that Plaintiff had been afforded fair notice and an opportunity to be heard does not warrant the "extraordinary" relief afforded by Rule 59, which "should be used sparingly." *See id.* (internal citations and quotation marks omitted). This Court has already considered the respective parties' positions, reviewed the facts and evidence in the record, and determined that summary judgment should be entered in favor of Defendants.

Nor is there a Rule 59 basis for Plaintiff's second argument because this Court's September 9, 2019 Opinion does not disturb any "law of the case" that Plaintiff asserts was established by Judge Garbis's April 4, 2018 Memorandum and Order. Under the law of the case doctrine, a decision by a court "should continue to govern the same issues in subsequent stages in the same case." *TFWS, Inc.*, 572 F.3d at 191. However, the law of the case doctrine does not apply to interlocutory rulings, such as a denial of summary judgment. *Chaplick v. Mao*, Civil Action No. TDC-13-2070, 2016 WL 4516061, at *3 (D. Md. Aug. 25, 2016) (citing *Winchester Homes, Inc. v. Osmose Wood Preserving Inc.*, 37 F.3d 1053, 1058 n.8 (4th Cir. 1994)). Indeed, Judge Garbis's Memorandum and Order, decided more than a year before the undersigned's Memorandum and Order, and before the parties had completed discovery,

5

specifically based its finding of a genuine issue of material fact on the "evidence now in the record." (ECF No. 29 at 27.) Thus, Judge Garbis's finding did not establish a law of the case.

Accordingly, this Court concludes that Plaintiff has failed to meet his burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Smith's Motion to Alter or Amend Judgment fails to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is this 10th day of January, 2020, ORDERED that:

1. Plaintiff's Motion to Alter or Amend Judgment (ECF No. 63) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge